UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PHILLIP COLEMAN,

                Petitioner,                Case No. 1:08-cv-281

v.                                    Honorable Robert Holmes Bell

KENNETH McKEE,

                Respondent.

_____/


## OPINION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the petition will be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.    Factual allegations

Petitioner is incarcerated in the Bellamy Creek Correctional Facility.  Petitioner was convicted in the Muskegon County Circuit Court of first-degree criminal sexual conduct.  On January 12, 2005, the trial court sentenced him to a term of imprisonment of four years and eight months to twenty years.  The Michigan Court of Appeals affirmed the conviction on September 14, 2006.  The Michigan Supreme Court subsequently denied his application for leave to appeal on April 13, 2007, though two justices would have granted leave to appeal.

Petitioner now raises the following grounds for habeas corpus relief:

I.    AFFECT OF EXPERT WITNESSES AT DEFENDANT'S TRIAL. [THE EXPERT WITNESSES MELISSA[,] PETERSON, SHAWN BAKER, AS WELL AS SUE JOHNSON CLEARLY VOUCHED FOR THE VERACITY OF THE VICTIMS [SIC] CLAIMS.  THE UNITED STATES SUPREME COURT RECOGNIZED THE SUGGESTIBILITY AND PREJUDICIAL EFFECT AN EXPERT'S TESTIMONY MAY HAVE ON A JURY, AND THAT EFFECT CAN BE CHALLENGED AS BEING CONSTITUTIONALLY PREJUDICIAL TO A CRIMINAL DEFENDANT.]

II.   TRIAL COUNSEL WAS INEFFECTIVE WHERE SHE DID NOT OBJECT TO THE EXPERT TESTIMONY WHICH IN TURN ALLOWED TRIAL COURT TO COMMIT PLAIN ERROR.

III.  TRIAL COUNSEL WITH[]HELD PROSECUTORS [SIC] PLEA OFFER UNTIL AFTER TRIAL.

IV.   COUNSEL WAS INEFFECTIVE BY FAILING TO MOVE TO HAVE VERDICT OVERTURNED BECAUSE OF THE ABSENCE OF EVIDENCE TO SUPPORT A GUILTY PLEA.

V.    APPOINTED APPELLATE COUNSEL FAILED TO SUPPLY DEFENDANT WITH A COPY OF TRIAL TRANSCRIPTS UNTIL AFTER HIS BRIEF WAS SUBMITTED AND RULED ON BY THE APPELLATE COURTS.

2

II.   Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner states that he raised Grounds III, IV and V for the first time in the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails

3

to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990); *but see Ashbaugh v. Gundy*, 244, F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the three new issues were not reviewed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq.* Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the court concludes that he has at least one available state remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and

4

Michigan Supreme Court.   The Michigan Supreme Court denied his application on April 13, 2007.

Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day

period in which he could have sought review in the United States Supreme Court is counted under

§ 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period

expired on Monday, July 14, 2007.   Accordingly, Petitioner has one year, until July 14, 2008, in

which to file his habeas petition.

Because Petitioner appears to have some claims that are exhausted and some that are

not, his application ordinarily must be dismissed as a mixed petition.  *Rose v. Lundy*, 455 U.S. 509

(1982).  In  *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when

the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district

court should dismiss only the unexhausted claims and stay further proceedings on the remaining

portion until the petitioner has exhausted his claims in the state court.  The *Palmer* court indicated

that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction

relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return

to federal court after he has exhausted his state-court remedies.  *Id.; see also Rhines v. Weber*, 125

S. Ct. 1528, 1534-35 (2005) (approving use of stay-and-abeyance procedure, but adding

requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for

failure to exhaust).  The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending."  28 U.S.C. § 2244(d)(2).  Because Petitioner has more than sixty days

remaining in the limitations period, he is not in danger of running afoul of the statute of limitations

so long as he diligently pursues his state court remedies.  Therefore, a stay of these proceedings is

5

not warranted.  Alternatively, Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust state court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard.

   This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

   A Judgment consistent with this Opinion will be entered.

Date:   April 8, 2008     /s/ Robert Holmes Bell
                 ROBERT HOLMES BELL
                 CHIEF UNITED STATES DISTRICT JUDGE